CINTRÓN, PLAINTIFF AND RESPONDENT, *v.* COLORADO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in an Action for Damages.

No. 1273.—Decided June 18, 1915.

PARTNERSHIP—COMMON NAME—ACTION AGAINST ONE PARTNER.—In accordance with section 73 of the Code of Civil Procedure, when two or more persons associated in any business transact such business under a common name, whether it includes the names of such persons or not, the partners may be sued by such common name, the summons in such case being served on one or more of the partners; but one only of the partners cannot be sued personally, for his personal capacity is distinct from his capacity as partner and no cause of action would exist against him.

ID.—JOINT TORT FEASORS.—The principles of American law regarding joint tort feasors are not applicable to a case like the one at bar in which the existence of the partnership has been proved and which, both as to its rights and obligations, must be governed by the law under which it operates.

The facts are stated in the opinion.

*Mr. R. Díaz Collazo* for the appellant.

*Mr. Leopoldo Feliú* for the respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an action for damages brought in the District Court of Mayagüez by José Cintrón, representing his minor daughter, Rosa Cintrón, against Rafael Colorado.

As fundamental facts the complaint alleges that on February 15, 1913, defendant Rafael Colorado was the lessee of the theatre called "Novedades" in the city of Mayagüez and was exhibiting therein moving picture shows and other shows to the public; that in the evening of the said day Rosa Cintrón attended a moving picture exhibition in the said theatre, which was under the control and management of the defendant, and at the conclusion of the show, without any fault or negligence on her part but by reason of the fault or negligence of the defendant or his agents, servants, or employees, a chair fell from an upper balcony or gallery of the building inflicting a wound on her head and bruises and contusions on different parts of her body, producing a general and violent nervous convulsion and great physical pain, as a result of which she was compelled to remain in bed for about twenty days and to have medical treatment; that she has suffered damages in the sum of $999, as follows: $699 from the wound on her head and the bruises and physical suffering and $300 expended for doctor's fees and medicines.

The complaint concludes with the prayer that the defendant be adjudged to pay to the plaintiff the said sum together with the costs, expenses, disbursements and attorney's fees.

In his answer the defendant denied the facts on which the complaint was based and as new matter constituting a special defense alleged that the "Novedades" theatre of Mayagüez was being operated on the date stated under the control of the partnership *Cine Puerto Rico* as lessee, represented by R. Terrats, pursuant to a contract of lease entered into on December 1, 1912, for a period of one year with Damián del Moral, owner of the said theatre.

The case went to trial and on April 1, 1914, the court pronounced judgment sustaining the complaint and as a consequence adjudged that defendant Rafael Colorado pay to the plaintiff, in the capacity in which he appeared in the action, the sum of $999, together with the costs, expenses, disburse-

ments and plaintiff's attorney fees, from which judgment the defendant appealed to this court.

The only ground upon which the appellant bases his appeal is that as the "Novedades" theatre in Mayagüez had been leased to the industrial firm *Cine Puerto Rico* and was being operated under its management, the said firm being constituted by a public instrument entered into between Rafael Colorado and Rafael Torrats as partners, an action cannot be brought against one member only, i. e., against Colorado, without giving the other partner an opportunity to be heard in court according to law, and on that ground he asks for the reversal of the judgment appealed from.

In connection with the ground relied upon by the appellant, the evidence adduced at the trial shows the following:

A. That by a private instrument which the plaintiff offered in evidence Damián del Moral leased the "Novedades" theatre of Mayagüez to Rafael Colorado and R. Terrats for one year beginning December 1, 1912, at a monthly rental of $100, and under the conditions set out in the said document, which concludes as follows: "Signed D. del Moral by Angel Martínez. *Cine Puerto Rico,* R. Colorado, R. Terrats."

B. That by a public instrument which the defendant offered in evidence and which was executed on June 10, 1912, before Notary Damián Monserrat y Simó, Rafael Colorado and Rafael Terrats formed an industrial partnership for a period of two years from March 27 of the said year with a capital of $6,000 which both partners contributed in equal parts in cash, materials and credits. The said instrument recites that the object of said partnership was the exhibition of moving picture shows, the purchase and sale of suitable material, the renting of films and other transactions within the scope of the said business. Both partners were equally entitled to manage the business of the firm and either of them could execute all kinds of contracts and perform all acts in the name of the firm which the nature of the business might warrant, and it was stipulated that an inventory and trial

balance should be taken semi-annually for the purpose of ascertaining the condition of the firm and the profits or losses corresponding to each partner.

As will be seen, it was not defendant Rafael Colorado but the partnership *Cine Puerto Rico* which leased the "Novedades" theatre of Mayagüez from Damián del Moral, and the profits as well as the losses accruing from the operation of the said partnership whose object was to engage in the moving picture show business were not to be exclusively for plaintiff Colorado, but were to be divided between him and his partner Terrats.

The defendant cannot be held liable for the damages caused by the unfortunate accident on which the complaint is based, for his personal capacity is distinct from his capacity as partner and manager of the said firm.

In the manner in which the action has been brought judgment cannot be given against defendant Colorado personally for the total indemnity sued for to be paid out of his private property or out of his interest in the said partnership; nor can the industrial firm *Cine Puerto Rico* or Rafael Terrats be adjudged to pay that indemnity, for neither the said firm nor Terrats has been made a party defendant.

Section 73 of the Code of Civil Procedure, by which plaintiff should have been governed in bringing the action, reads as follows:

"When two or more persons, associated in any business, transact such business under a common name, whether it comprises the names of such persons or not, the associates may be sued by such common name, the summons in such case being served on one or more of the associates; and the judgment in the action shall bind the joint property of all the associates, in the same manner as if all had been named defendants, and had been sued upon their joint liability."

We are of the opinion that the action could not prosper against Colorado but that it should have been brought against him as representative of the firm *Cine Puerto Rico* or against Colorado and Terrats as the sole members of the said part-

nership, and thus the judgment in the action would have bound the joint property of both partners in the same manner as if both had been sued personally upon their joint liability.

In the present case there is no misjoinder of defendants, but a lack of cause of action against Rafael Colorado who has been sued in his personal character and not as a member of the firm *Cine Puerto Rico*.

The respondent alleges that if Colorado and Terrats were really partners in the operation of the "Novedades" theatre, that would make them what is known in American legal phraseology as "joint tort feasors" and that, therefore, the action was properly brought against Colorado alone.

That theory is not applicable to the present case in which the existence of the firm *Cine Puerto Rico*, of which Colorado and Terrats are partners, has been proved, and the said firm, both as to its rights and obligations, must be governed by the law under which it operates.

For the foregoing reasons the judgment appealed from should be reversed and the defendant released of liability under the complaint in the form in which it has been presented.

*Reversed.*

Justices Wolf, del Toro and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.